UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADDICTION & DETOXIFICATION INSTITUTE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | No. 14 C 05648 |
| v. | ) ) | Judge Edmond E. Chang |
| THOMAS C. YEE, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Addiction & Detoxification Institute, LLC (ADI), a New Jersey corporation, brings suit against Thomas Yee, a medical doctor who practices and lives in Nevada, for alleged infringement of a patent related to opiate-addiction treatment methods. R. 1, Compl.[1] Yee moves to dismiss the complaint for lack of personal jurisdiction. R. 15, Mot. Dismiss. As explained below, the motion is granted.

**I. Background**

According to the complaint, ADI has held a United States patent concerning "improvements to rapid opioid detoxification" since 1998. Compl. ¶ 6 & Exh. A, Patent No. 5,789,411. ADI alleges that Yee, also identified as "d/b/a Las Vegas

---

[1]Subject matter jurisdiction is based on 28 U.S.C. § 1331. Citations to the docket are indicated as "R." followed by the entry number.

Rapid Detox," practices addiction medicine in Nevada as well as in California.[2] ADI further alleges that Yee maintains two websites, www.saferapiddetox.com and www.rapiddextoxlasvegas.com,[3] "which citizens of Illinois access to be offered for sale and/or to purchase Yee's opiate addiction detoxification practices and methods." *Id.* ¶¶ 2, 4. These detoxification practices and methods, ADI asserts, infringe one or more of the claims on ADI's patent in violation of 35 U.S.C. § 271(a). *Id.* ¶ 10. ADI claims that Yee has had knowledge of the patent and that the infringement, also accomplished through Yee's third-party medical staff, associates, and agents, is intentional. *Id.* ¶¶ 11-13.

## II. Legal Standard

If a court lacks personal jurisdiction over a party, Federal Rule of Civil Procedure 12(b)(2) requires the complaint to be dismissed. The plaintiff bears the burden of establishing that personal jurisdiction is proper when jurisdiction is challenged by the defendant. *Purdue Res. Found v. Sanofi-Synthelabo, S.A.*, 338

---

[2]In addition to asserting that Yee "does business as" Las Vegas Rapid Detox, which is evidently Yee's business and presumably a corporation, ADI concludes that Yee "*is* The Las Vegas Rapid Detox Medical Clinic." R. 5, Resp. Br. at 5. Aside from attaching some documents linking Yee with the clinic, ADI does nothing to substantiate this characterization or expound upon its legal ramifications. Perhaps ADI wanted to suggest the clinic's joint liability. But the clinic is not a named party, and it is elementary that "[c]orporations exist separately from their owners." *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012) (citations omitted). Or, it could be that ADI, by trying to identify Yee and the clinic as one and the same, anticipated a defense based on the fiduciary shield doctrine, which states that "Illinois courts lack personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal." *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 847 (N.D. Ill. 2009) (citing *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1995)). In any case, given the fatal deficiencies described to jurisdiction below, the Court need not delve any deeper.

[3]This website name appears to be misspelled in the complaint, spelled as "dextox"instead of "detox."

F.3d 773, 782 (7th Cir. 2003). If material facts necessary to rule on the issue are in dispute, the Court must grant discovery and hold an evidentiary hearing, where the party asserting personal jurisdiction bears the burden of proof. *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *Purdue*, 338 F.3d at 783 ("[T]he plaintiff must establish jurisdiction by a preponderance of the evidence[.]"). But to even reach that point, the party asserting jurisdiction must make out a prima facie case of personal jurisdiction. *Hyatt*, 302 F.3d at 713.

## III. Discussion

Yee argues that ADI has not established a basis for the Court's personal jurisdiction over him. R. 16, Def.'s Br. at 2-6.[4] ADI invokes Rule 4(k)(1)(A), under which a federal court's personal jurisdiction is governed by the law of the forum state, in this case Illinois. R. 24, Resp. Br. at 1 (citing Fed. R. Civ. P. 4(k)(1)(A)). Illinois' long-arm statute in turn allows a court to "exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). Because "there is no operative difference" between the limits imposed by the two, the relevant analysis is whether exercising personal jurisdiction would offend federal due process. *Hyatt*, 302 F.3d at 715-16. Due Process requires that a defendant have sufficient "minimum contacts" with Illinois, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 716 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The "constitutional touchstone" is "whether the defendant

---

[4]Yee also raises Rules 12(b)(3), improper venue, and 12(b)(6), failure to state a claim, as alternate grounds to dismiss. There is no need to address those arguments in light of the absence of personal jurisdiction.

3

purposefully established 'minimum contacts' in the forum State … such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citations omitted). In other words, it must be "fair and reasonable to call the defendant into the state's courts to answer the plaintiff's claim." *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010) (citing *Int'l Shoe*, 326 U.S. at 317).

Personal jurisdiction can be established on either a general or specific basis. "Where a defendant has 'continuous and systematic' contacts with a state, that defendant is subject to general jurisdiction regarding any action, even actions unrelated to those contacts." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). The level of contact required is significant, akin to the party's physical presence in the state. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) ("The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence.") (citing *Purdue*, 338 F.3d at 787 n.16). Occasional visits and other "isolated or sporadic" contacts will not do. *Id.* (citing *Burger King*, 471 U.S. at 475). By contrast, specific jurisdiction is based on a party's contacts with the state that are directly connected to the conduct at issue. The analysis boils down to "three essential requirements: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of

4

jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 673 (citations omitted).

ADI fails to establish even a prima facie case of personal jurisdiction, on either ground. The complaint asserts in a conclusory fashion that "Yee has conducted and continues to conduct regular and ongoing business in Illinois." Compl. ¶ 5. But to substantiate this conclusion, the complaint offers only the assertion that Yee and his agents operate two websites that market and sell the patented detoxification treatments in question. *Id.* ¶ 4. ADI concludes that, through these websites, Yee "actively solicits customers or potential customers *in Illinois*," *id.* (emphasis added), yet, without more, that much is true for any individual in any state (or any other country in the world, for that matter) who has internet access. ADI offers not a single other fact specifying how Illinois, or any individual within Illinois, has been touched or effected. In essence, the logic of ADI's position is that the operation of a website opens up jurisdiction to wherever a user who may potentially view that website may be, which, in our wired age, would result in a long arm indeed. *See Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010) (noting that "premising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country") (quoting *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004)) (alterations and internal quotation marks omitted).

That sweeping argument is wrong. First, given the systematic and continuous contacts required, it should go without saying that "the maintenance of a public Internet website [is in]sufficient, without more, to establish general jurisdiction." *Tamburo*, 601 F.3d at 701 (citing *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002)). Nor is specific jurisdiction satisfied, because not even a bare showing is made that Yee purposefully availed himself of business in Illinois or that he directed his activities to the state. ADI puts misplaced reliance on *uBid, Inc. v. GoDaddy, Inc.*, 623 F.3d 421, to argue that Yee has had minimum contacts with Illinois. Resp. Br. at 2-5. In *uBid*, the Seventh Circuit affirmed an Illinois federal court's personal jurisdiction over an Arizona corporation that had been sued for unlawful cybersquatting of domain names. 623 F.3d at 423. In that case, however, the court pointed to the defendant's "thorough" and "deliberate" exploitation of the Illinois market through an extensive national advertising campaign, which featured nationwide television ads (including during six straight Super Bowls) and celebrity and sports sponsorships. *Id*. at 427. Although the court acknowledged that "there is no evidence that [the defendant] specifically target[ed] Illinois customers in its advertising," it noted that an advertising campaign of the scale involved would clearly reach Illinois residents in large numbers. *Id*. at 428. Moreover, the defendant had "placed physical ads in particular Illinois venues," including Wrigley Field and the United Center, and there was evidence that the marketing campaign had "created substantial business" in Illinois. *Id*. at 428, 432 (noting defendant "has

hundreds of thousands of customers in the state and earns millions of dollars in revenue from the state each year").

ADI shows nothing of the sort, not even the allegation that a single individual in Illinois even bought the patented product. Indeed, the only peg on which ADI hangs its hat is the unsupported statement that Yee "actively solicit[s] customers or potential customers in Illinois." Resp. Br. at 5. ADI's attachment of a handful of screenshots of self-promotional blurbs, faux-news articles, and user comments (mostly taken from Yee and the clinic's website), *see* Exhs 2-8 to Resp. Br., is not similar to comprehensive, nationwide television advertising and billboards at Cubs and Bulls games. Nor is Yee's an "expansive, sophisticated commercial venture online." *Hemi Group*, 622 F.3d at 760.

At the end of the day (and at the start of a lawsuit), "[t]he plaintiff must still prove that the defendant had constitutionally sufficient contacts with the forum and that the defendant's contacts were temporally and substantively related to the lawsuit. Without that showing, the mere fact that the defendant allegedly caused harm by conducting business or advertising over the Internet is not adequate to establish jurisdiction in the plaintiff's chosen forum state." *uBid*, 623 F.3d at 431. ADI does not come close to setting forth a prima facie case of such a showing. Absent even a prima facie showing, there is no trigger for discovery or an evidentiary hearing. The Court lacks personal jurisdiction over Yee.

## IV. Conclusion

For the reasons explained above, Defendant's motion to dismiss for want of personal jurisdiction is granted. The case is dismissed.

ENTERED:

    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 3, 2015